# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**United States of America**,

**Plaintiff**,

v.

**Rex Hatfield**,  No. 08-30020-DRH

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

Now before the Court are four motions *in limine* filed by Rex Hatfield (Docs. 82, 101, 110, & 117). The Government has filed responses to the four motions (Doc. 99, 106, 115, & 118). The Court rules as follows.

**A.  First Motion *in Limine* - Co-Defendant's Statement**

The Court **DENIES** Rex Hatfield's motion *in limine* to exclude the statement of co-defendant Everly Hatfield, made during a custodial interrogation on July 26, 2004. Specifically, Hatfield argues that Defendant Everly Hatfield gave an inculpatory statement to law enforcement which directly implicates Defendant Rex Hatfield and which is testimonial pursuant to ***Crawford v. Washington*, 541 U.S. 36, 68 (2004)**. Defendant argues that admitting Everly Hatfield's statements would violate Defendant's Sixth Amendment rights. Defendant further argues that while circuit precedent maintains that prejudice can be cured through redaction and a limiting instruction, Defendant asserts that *Crawford* establishes "a categorical approach that forecloses the use of co-defendant confession at trial without a prior

opportunity to cross examine." (Doc. 82, ¶ 4). Defendant further argues that the statements can not be cured through redaction and a limiting instruction because the only unidentified person remaining in the statement would be Defendant Rex Hatfield.

While the Government acknowledges that any statements that Everly Hatfield made that were incriminating would be inadmissible under **Bruton v. United States, 391 U.S. 123 (1968)**, the Government argues that it does not intent to introduce any such evidence in its case in chief. While the Government does intend to introduce evidence of Everly Hatfield's statements about himself and his admissions at trial, there will be no mention of the fact that Everly Hatfield stated Rex Hatfield was with him. Further, the Government argues that with redaction and limiting instruction, the jury will not have a basis to assume that Rex Hatfield was with Everly Hatfield at these locations as many people were alleged in the pharmacy burglaries.

It is well settled that as long as a co-defendant's statement is redacted so that it no longer implicates the defendant, the evidence is admissible in a joint trial. **United States v. Ward, 377 F.3d 671, 676 (7th Cir. 2004); United States v. Souffront, 338 F.3d 0809, 828 (7th Cir. 2003)**. However, despite clear precedent, Defendant Rex Hatfield argues that even if a statement is redacted and cleared of any problem with the Confrontation Clause it will still be inadmissible under *Crawford,* which Hatfield argues establishes a categorical approach that forecloses use of co-

defendant confession at trial without a prior opportunity to cross examine. The Court agrees with the Government that there is no basis for Defendant Rex Hatfield's claim that redacted statements which do not implicate Rex Hatfield are inadmissible. The law is clear under *Bruton* or *Crawford* that defendant has to be "expressly implicated as a participant in the crime" in the statements for there to be a violation of confrontation rights. ***Souffront*, 338 F.3d at 828**. Furthermore, as long as a redacted statement does not obviously refer to the defendant, it is admissible. ***United States v. Hernandez*, 303 F.3d 964, 973 (7th Cir. 2003)**. Here, there were numerous alleged participants in the pharmacy burglaries, so the redacted statement would not obviously point to Rex Hatfield. Therefore, Defendant Rex Hatfield's motion *in limine* to exclude the statement of co-defendant Everly Hatfield is **DENIED**. The Court will, however, require the Government to produce the redacted version to defense and the Court before introducing it.

**B.     Second Motion in Limine - Exclusion of Witnesses**

The Court **GRANTS** Rex Hatfield's motion *in limine* to exclude all potential witnesses from the Courtroom in this case pursuant to **Federal Rule of Evidence 615**, with the exception of a single government case agent allowed by **Federal Rule of Evidence 615(2)**. Specifically, Hatfield objected to the proposal by the Government to allow two representative case agents in the courtroom. However, the Government agrees with Hatfield and has withdrawn its request to the Court to allow ATF Special Agent Robert Noscisch to sit at counsel table. Since the Government

does not object to the motion, the second motion *in limine* is **GRANTED**.

C.     **Third Motion in Limine - Evidence of Other Bad Acts**

The Court **GRANTS IN PART AND DENIES IN PART** Defendant Rex Hatfield's motion *in limine* to exclude evidence of other bad acts which Defendant argues is inadmissable under **Federal Rule of Evidence 404(b)** (Doc. 110). Defendant Rex Hatfield moves *in limine* to exclude evidence of other bad acts which include, but are not limited to:

1) All evidence that either defendant engaged in the trafficking, manufacture, or use of methamphetamine.
2) All evidence that either defendant engaged in the trafficking or distribution of any controlled substance prior to the time frame in the Superseding Indictment of June 16, 1998.
3) All evidence that either defendant enggaged in the trafficking or use of marijuana.
4) All evidence that either defendant used or purchased crack cocaine.
5) All evidence that either defendant engaged in the theft or burglary of mining equipment.
6) All evidence of any other criminal convictions of either defendant unless that defendant elects to testify.
7) All evidence that either defendant participated in the burglary of a pharmacy or drugstore prior to the time frame of the Superseding Indictment of June 16, 1998.
8) All evidence of any other deaths or injury allegedly linked to the ingestion of controlled substances not listed in the Superseding Indictment.
9) All evidence that either defendant engaged in any armed robbery or assault - specifically, but not limited to, Glenna Toler and Sandy Bryant.
10) All evidence that either defendant was responsible for the burglary of firearms from a gun store or sporting goods store.
11) All evidence that Rex Hatfield was responsible for the death of a law enforcement officer.

The Government does not raise any objections to the exclusion of evidence

stated in 5 through 11.  Thus, the Court **GRANTS** Defendant's motion *in limine* as to requests 5 through 11.

However, the Court **DENIES** Defendant Rex Hatfield's request for exclusion of evidence stated in 1,2,3, and 4.  As to request 1 regarding the exclusion of evidence that either defendant engaged in the trafficking, manufacture, or use of methamphetamine, the Court finds that the only evidence that the Government will produce in regards to this request will either be statements of trafficking, manufacturing, or use that are part of the charged conduct or will be inextricably intertwined with the charged conduct.  Therefore, evidence presented as stated in 1 is not 404(b) testimony.  As to requests 2, 3, and 4 regarding the trafficking and use of various other controlled substances, the Government assures the Court that any evidence related to those issues will be inextricably intertwined to the charged conduct and not 404(b) testimony.  Therefore the Court **DENIES** Defendant Rex Hatfield's motion *in limine* with respect to requests 1,2, 3, and 4.  The Court therefore **GRANTS IN PART AND DENIES IN PART** Defendant Rex Hatfield's motion *in limine*.

**D.    Fourth Motion in Limine - Autopsy Photo**

The Court **DENIES** Defendant Hatfield's motion *in limine* to exclude from evidence any and all autopsy photos and obituaries concerning the decedents referenced in Count 2 of the Superseding Indictment.  Specifically, Defendant Rex Hatfield objected to the introduction of photographs of the four decedents, arguing

that they are inadmissible under **Federal Rule of Evidence 402**. However, the Government argues that it does not intend to introduce these photos at trial, except for the photo of Jimmy L. Dishmon and only because the Government was unable to obtain any other identification picture. The Court finds that, from the Government's proposed use, the photo is both relevant and will be used in a tasteful manner without letting the jury know that it is an autopsy photo. As for the obituaries, Defendant Rex Hatfield argues that any obituary would contain hearsay evidence which would be inadmissable pursuant to **Federal Rules of Evidence 802**. However, the obituaries are admissible under **Federal Rules of Evidence 902(6),** which provides that newspaper articles are self-authenticating. Furthermore, the Court finds that the obituaries are relevant and not unduly shocking as they will be used in a tasteful manner to establish an exact time frame for key conversations related to the deaths. Therefore, the Court **DENIES** Defendant Rex Hatfield's motion *in limine* to exclude autopsy photos and obituaries.

Accordingly, the Court **DENIES** Defendant Rex Hatfiel's motion *in limine* to exclude his co-defendant's statement (Doc. 82) and Defendant Rex Hatfield's motion *in limine* to exclude autopsy photos and obituaries (Doc. 117). The Court **GRANTS** Defendant Rex Hatfield's motion *in limine* to exclude all potential witnesses from the Courtroom in this case, with the exception of a single government case agent allowed by **Rule 615(2)** (Doc. 101). The Court **GRANTS IN PART AND DENIES IN PART**

Defendant Rex Hatfield's motion *in limine* to exclude evidence of other bad acts (Doc. 110).

**IT IS SO ORDERED.**

Signed this 3rd day of October, 2008.

/s/     DavidRHerndon

**Chief Judge
United States District Court**