IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

REX HATFIELD and
EVERLY HATFIELD,                                     No. 08-cr-30020-DRH

Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Defendants Rex Hatfield and Everly Hatfield's joint Motion for New Trial (Doc. 196),[1] filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**, to which the Government has filed its opposing Response (Doc. 198). Having reviewed the motion and all of the briefs in support and in opposition, the Court, in its discretion, has determined that a hearing on Defendants' joint motion (Doc. 196) is unnecessary. ***See United States v. Hedman***, **655 F.2d 813, 814 (7th Cir. 1981).**

Rex Hatfield and Everly Hatfield were found guilty by a jury as to Counts 1 and 2 (Docs. 170 & 172, 171 & 173) of the Superseding Indictment (Doc. 43). Count 1

---

[1] The Court also notes it previously granted an extension of time for Rex Hatfield and Everly Hatfield to file this motion (see Doc. 187).

charged Rex Hatfield and Everly Hatfield with conspiracy to commit pharmacy burglaries in violation of 18 U.S.C. §§ 2118(b) and (d). Count 2 charged Defendants with conspiracy to knowingly and intentionally posses with intent to distribute, and to distribute diverse amounts of oxycodone, fentanyl, methadone, morphine, and cocaine, Schedule II Controlled Substances, hydrocodone, a Schedule III Controlled Substance, and alprazalam, a Schedule IV Controlled Substance.

Regarding the jury's finding of "guilty" as to Count 2, the Special Verdicts found that Deborah Ann Smith, Mark D. Honaker, and Carol S. Walker died from ingesting controlled substances which Rex Hatfield had distributed to them (Docs. 174, 175, & 176). A separate Special Verdict also found that Richard F. Ward suffered serious bodily injury from ingesting controlled substances which Rex Hatfield had distributed to him (Doc. 177). Separate Special Verdicts also found that Carol S. Walker and Jimmy L. Dishmon died from ingesting controlled substances which Everly Hatfield had distributed to them (Docs. 178 & 180). A separate Special Verdict found that Richard F. Ward suffered serious bodily injury from ingesting controlled substances which Everly Hatfield had distributed to him (Doc. 181). However, in a separate Special Verdict also regarding Count 2, the jury did not find that Christopher P. Allen died from ingesting controlled substances which Everly Hatfield had distributed to him (Doc. 179). Both Rex Hatfield and Everly Hatfield now await sentencing for their convictions as well as resolution of this post trial motion.

## II. Legal Standard

Under **FEDERAL RULE OF CRIMINAL PROCEDURE 33**, a defendant may move for a new trial. Upon review, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." **FED. R. CRIM. P. 33(a)**. If the basis for seeking a new trial is not due to new evidence, then the Court must determine if a new trial is warranted because there exists a "reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." ***United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006) (citing *United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996))**. A new trial may also be warranted where "trial errors or omissions have jeopardized the defendant's substantial rights." ***United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993) (citing *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989))**. Such a determination is completely within the Court's sound discretion. ***U.S. v. Reed.* 875 F.2d 107, 113 (7th Cir. 1989) (citing *United States v. Nero*, 733 F.2d 1197, 1202 (7th Cir. 1984))**. However, the Court should be mindful that the power bestowed by Rule 33 to grant a new trial should only be done in the "most 'extreme cases.'" ***United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998) (quoting *United States v. Morales*, 902 F.2d 604, 605 (7th Cir. 1990))**.

## III. Discussion

According to Defendants, justice requires that a new trial be granted based on "erroneous jury instructions relating to the special jury verdicts as well as the

cumulative effects of erroneous evidentiary rulings pertaining to evidence relevant to both counts" (Doc. 196, p. 1). Defendants have not offered any new arguments or new evidence in support of his motion. As such, the Court stands by its previous rulings and the reasoning offered in support of each of the following rulings:

**A.     Jury Instructions**

    **1.     Government's Instruction 30A**

Defendants first submit that the court erred in instructing the jury in accordance with the Government's proffered jury instruction 30A. Specifically, Defendants assert that the third paragraph of the instruction, stating that the Government must prove that the controlled substances distributed by the defendants "was a factor that resulted in death or serious bodily injury" and that the control "must at least have played a part in the death or serious bodily injury," was at odds with the plain language of the statute and lowered the government's burden of proof. Defendants rely on the First Circuit cases **United States v. Soler, 275 F.3d 146, 152 n.3 (1st Cir. 2002)** and **United States v. De La Cruz, 514 f.3d 121, 138 (1st Cir. 2008)** for their proposition. Defendants further assert that the 8th Circuit case **United States v. Monnier, 412 F.3d 859, 862 (8th Cir. 2005)**, which endorses the language in jury Instruction 30A, was wrongly decided.

The Government, on the other hand, asserts that the jury instruction relied in part upon *Soler* and that the instruction was not in conflict with the First Circuit, citing **United States v. Wall, 349 F.3d 18 (1st Cir. 2003), *cert. denied*, 541 U.S.**

**965 (2004)**. In *Walls*, the First Circuit stated that an instruction requiring the jury to find that the drugs played a "significant causal role" was too stringent rather than understated the government's burden as Wall's suggested. *Id.* **at 24**. The First Circuit specifically stated that both statute and precedent "link the jury's finding simply to whether death was a result of the offense." *Id.*

The Court agrees with the Government's reasoning. By the terms of the statute, the "statute of conviction applies whenever 'death…results' from the use of drugs supplied by the defendant." **Soler, 275 F.3d at 152**. A number of the Circuits have found that **21 U.S.C. § 841 (b)(1)(C)'**s enhancement applies without "regard to the principles of proximate cause or the foreseeability of death or serious bodily injury." *U.S. v. McIntosh*, **236 F.2d 968, 973 (8th Cir. 2001) (reviewing the identical language of 21 U.S.C. § 841(b)(1)(A)); See also** *U.S. v. Patterson*, **38 F.3d 139, 145 (4th Cir. 1994),** *cert. denied*, **514 U.S. 1113 (1995);** *U.S. v. Robinson*, **167 F.3d 824, 831 (3d Cir. 1999**). Further, the Court found that Instruction 30A was an accurate statement of the law . The Court also found that given the evidence elicited by the defense about suicide, long-time addiction, and potential overdose, Instruction 30A was necessary to help the jury understand both the law and evidence in this case and to prevent confusion on the part of the jury. The Court stands by its previous ruling and the reasoning given at the instructions hearing.

### 2. Special Verdict Form Relating to Ricky Ward

Defendants argue that the Court erred in failing to give the Defendant's proposed jury instruction related to the serious bodily injury of Ricky Ward. Specifically, Defendants argue that the jury should have been directed to only consider the injury Ricky Ward sustained on March 18, 2003 and the instruction, as given, created a constructive amendment to the indictment and violated Defendants' 5th Amendment rights to indictment by grand jury. The Court has previously addressed this issue. A constructive amendment to the indictment occurs when the "proof at trial 'goes beyond the parameters of the indictment in that it establishes offenses different from or in addition to those charged by the grand jury.'" **U.S. v. Pigee, 197 F.2d 879, 886 (7th Cir. 1999) (quoting U.S. v. Willoughby, 27 F.3d 263, 266 (7th Cir. 1994))**. However, the special verdict form referenced Count 2 of the Superseding Indictment and Count 2 specifically stated March 18 as the date Ricky Ward suffered serious bodily injury; therefore, the instruction did not amend the indictment. Further, all of the special verdict forms referenced the Indictment. Therefore, the special verdict form did not go beyond the parameters of the indictment and did not amount to a constructive amendment to the indictment.

### B. Evidentiary Rulings

#### 1. Controlled Substances Allegedly Seized from Everly Hatfield's Hotel Room

Defendants argue that the Court erred by admitting controlled substances seized from Everly Hatfield's hotel room. Defendants assert that the drugs were

never sufficiently identified by the seizing officer as the drugs he seized and should not have been admitted under **FEDERAL RULE OF EVIDENCE 901**. "The standard for the admission of exhibits is that there must be a showing that the physical exhibit being offered is in substantially the same condition as when the crime was committed." ***U.S. v. Aviles*, 623 F.2d 1192, 1197 (7th Cir. 1980)**. At the trial, the Court dealt with this issue, finding that an adequate foundation had been laid and any question regarding the drugs went to weight and credibility. The Court stands by its ruling and the reasoning offered at trial.

    **2.**    **Court Documents Relating to Everly Hatfield's Possession of Controlled Substances Case**

The Defendants contend that the Court erred in admitting Government's Exhibit 10, court records concerning Everly Hatfield's dismissed possession of controlled substances case. Defendants argue that the record should have been excluded based on **Rules 402, 403, and 802** of the **FEDERAL RULES OF EVIDENCE**. The Court previously addressed this issue when it denied Defendant's motion in limine. The Court found that the certified court record fit within the exception to Rule 803 which applies to "[r]ecords…in any form, of public offices or agencies, setting forth…(B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report…" **FED. R. EVID. 803(8)**. The Court found that the certified court record fit within the exception and that the probative value was not outweighed by the prejudice to Defendants' case. The Court stands by its ruling.

### 3. Refusal to Admit Hearsay Testimony of Dustin Willbrand

The Defendants also contend that the Court erred in refusing to admit the inculpatory hearsay statements proffered by the defense after Mr. Willbrand was unavailable to testify. Defendants assert that the statements should have been admitted under **FEDERAL RULE OF EVIDENCE 804(b)(3)**. The Court previously addressed this issue when denying Defendants' motion for admission of statements of Dustin Willbrand as statements against penal interest (Doc. 159). Statements against interest are admissible under **FEDERAL RULE OF EVIDENCE 804(b)(3)** if they are statements which "at the time of its making [are] so far contrary to the declarant's pecuniary or proprietary interest...that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." **FED. R. EVID. 804(b)(3)**. Statements against interest are admissible if a defendant shows "1) the declarant is unavailable as a witness, 2) the statement was against the declarant's penal interest when made, and 3) corroborating circumstances clearly suggest that the statement is trustworthy." ***United States v. Jackson*, 540 F.3d 578, 599 (7th Cir. 2008)**. The Court found that the first two prongs of the test had been met.[2]

However, the third prong of the test was not met by Defendants. Rule 804(b)(3) "expressly requires the exclusion of out-of-court statements offered to exculpate the accused unless there are corroborating circumstances that 'clearly

---

[2] The Court notes that when ruling on the motion for admission, it found the question of whether or not Mr. Willibrand's statement was against his penal interest to be a close decision.

indicate' the trustworthiness of the statement." ***United States v. Hall*, 165 F.3d 1095, 1112 (7th Cir. 1999) (quoting *United States v. Garcia*, 897 F.2d 1413, 1420 (7th Cir. 1990))**. Mr. Willibrand, however, made four contradictory statements, two in which he alleged he was just doing his good citizen duties and one in which he implicated himself and others in the robbery. Similar circumstances in which the declarant gave contradictory statements have justified concluding "that a statement lacked the requisite trustworthiness for admission" under the third prong. ***U.S. v. Jackson*, 540 F.3d 578, 589 (7th Cir. 2008); See also *United States v. Groce*, 999 F.2d 1189, 1190-91 (7th Cir. 1993).** Given Mr. Willibrand's contradictory statements, the circumstances do not "clearly indicate" the trustworthiness of his statement. The Court stands by its previous ruling that the hearsay statement was not admissible.

### 4. Hearsay Statements

Defendants argue that the Court erred in admitting multiple hearsay statements of government witnesses as statements of co-conspirators in furtherance of the conspiracy. **FEDERAL RULES OF EVIDENCE 801(d)(E)**. However, Defendants do not state why they believe such statements should not have been considered statements of co-conspirators in furtherance of the conspiracy. Further, the Defendants fail to address which statements constituted hearsay. The Court did, after hearing sufficient evidence establishing the existence of a conspiracy, allow statements of Defendants' co-conspirators that would otherwise be hearsay to be

admitted as statements of co-conspirators in furtherance of the conspiracy.  The Court stands by its ruling and reasoning offered in support thereof.

### IV. <u>Conclusion</u>

For the foregoing reasons, the Court **DENIES** Defendants Rex Hatfield and Everly Hatfield's motion for new trial (Doc. 196).

**IT IS SO ORDERED.**

Signed this 12th day of January, 2009.

/s/      *DavidRHerndon*
**Chief Judge**
**United States District Court**