IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                               No.  08-30020-DRH

REX I. HATFIELD and
EVERLY K. HATFIELD,

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is defendants Rex I. Hatfield and Everly K. Hatfield's ("Defendants") *pro se* motion the Court has construed as a motion for criminal finding of prosecutorial misconduct (Doc. 371).

    Defendants were convicted by a jury of conspiracy to burglarize pharmacies, 18 U.S.C. §§ 2118(b), (d), and to distribute controlled substances (including morphine, methadone, oxycodone, fentanyl, alprazolam, cocaine, and hydrocodone), the use of which resulted in death or serious bodily injury, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 — specifically, four deaths, plus a serious bodily injury to a fifth user of the defendant's drugs. Defendants were sentenced to life in prison, and they appealed.

    On appeal, the Seventh Circuit reversed the convictions relating to the four deaths and the serious bodily injury of a fifth user based upon error in the jury instructions, but affirmed the other convictions, 591 F.3d 945 (7th Cir. 2010).

On remand, the Government dismissed the charges the Seventh Circuit reversed, and this Court resentenced defendants to 360 months imprisonment. Defendants then moved for a new trial, and this Court denied that motion. Defendants appealed, and the Seventh Circuit affirmed the Court's judgment, 423 Fed. Appx. 648 (7th Cir. 2011). Defendants then filed a petition for writ of certiorari, which the Supreme Court denied, 132 S. Ct. 536 (2011), on October 31, 2011. Defendants also each have § 2255 petitions under advisement with the undersigned (Case Nos. 12-1110 & 12-1111).

In their motion for criminal finding of prosecutorial misconduct, defendants argue that Robert Garrison "did knowingly and willfully falsify [a] Western Union wire transfer printout for the purpose of obtaining perjured testimony to obtain a conviction" (Doc. 371, p 1). In support of their claim, defendants attach the indictment of Leamon Hatfield and his co-defendants (Doc. 371, Ex. C) and a portion of the trial transcript regarding the questioning of Connie Sue Stevens, a witness in defendants' case and a co-defendant in the case of Leamon Hatfield (Doc. 371, Ex. A). Defendants argue that the prosecutor filed an indictment against their brother, Leamon Hatfield (Case No. 7-30024-MJR-1) that states a wire transfer was sent by Leamon Hatfield's co-defendant Mrs. Stevens from Lebanon, Virginia. However, in her testimony during Defendants' trial Mrs. Stevens said that she sent the wire transfer from a Piggly Wiggly in North Carolina.

The Court construes defendants' motion as a request for an independent

finding by the Court that Mr. Garrison has committed misconduct in connection with his duty to investigate and litigate. Specifically, the Court believes defendants argue that if the wire transfer had not been manipulated, the Government would not have been able to bring an action against defendants. However, the Court does not have jurisdiction over such matters. Complaints of misconduct regarding prosecutors' duties to investigate, litigate, or provide legal advice should be brought to the Department of Justice's Office of Professional Responsibility.

Accordingly, defendants' motion for criminal finding is **DENIED.**

**IT IS SO ORDERED.**

Signed this 12th day of November, 2013.

Digitally signed by
David R. Herndon
Date: 2013.11.12
14:36:55 -06'00'

**Chief Judge
United States District Court**