IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**REX HATFIELD,**

**Defendant.**                                                                  **No. 08-CR-30020-DRH-1**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter comes before the Court on defendant Rex Hatfield's *pro se* motion for recusal (Doc. 391). In his motion for recusal, defendant contends bias and prejudice on the part of the undersigned have been proven and that the appearance of impropriety exists. As a result, the defendant argues the undersigned cannot undertake a fair and unbiased review of the defendant's pending motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendments to the drug quantity sentencing guidelines.

The Court notes that defendant filed a motion for recusal asserting similar arguments in Civil Case No. 3:12-cv-1111 (defendant's petition to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255). The previously filed motion to recuse was denied. In that order, the Court explained it would not allow the legal system to be manipulated by criminal defendants filing frivolous complaints and engaging in defamatory efforts in an attempt at judge shopping.

As with the defendant's previously filed motion to recuse, the present motion is frivolous and must be **DENIED**.

According to 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). The inquiry under § 455(a) is based on an objective standard. *Id*. Thus, the inquiry to be made is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (citation omitted). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 124 S.Ct. 1391, 1392, 158 L.Ed.2d 225 (2004) (quoting Microsoft Corp. v. United States, 530 U.S. 1301, 1302, 121 S.Ct. 25, 147 L.Ed.2d 1048 (2000)).

Under 28 U.S.C. § 455(b)(1) a judge must recuse if he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Hook*, 89 F.3d at 355. As the Supreme Court has explained, neither judicial rulings nor opinions formed by the judge as a result of current or prior proceedings

constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

A judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *New York City Hous. Dev. Corp.*, 796 F.2d at 980–81. "The statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The Court is also mindful that the statute is not a judge-shopping device. *Id.*; *Hook*, 89 F.3d at 354.

The Court finds the defendant's motion simply does not meet the above standards. Moreover, as with the denial of defendant's previous motion to recuse, the Court will not allow the defendant to manipulate the system by filing frivolous defamatory motions in an attempt to judge shop.

Accordingly, the Court **DENIES** the motion to recuse (Doc. 391). **The Court REMINDS the defendant that his response to counsel's motion to withdraw is due on or before June 3, 2015.**

**IT IS SO ORDERED.**

Signed this 28th day of May, 2015.

Digitally signed by David R. Herndon
Date: 2015.05.28 14:17:52 -05'00'

**United States District Court**