**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| **Plaintiff,**       ) | |
| ) | |
| vs.                                        ) | **Case No. 08-cr-30020-SMY** |
| ) | |
| REX I. HATFIELD,                 ) | |
| ) | |
| **Defendant.**       ) | |

## ORDER

**YANDLE, Chief District Judge:**

Defendant Rex I. Hatfield was sentenced on December 3, 2010 to 120 months' imprisonment for Burglary of Controlled Substances (Count 1) and a consecutive sentence of 240 months for Conspiracy to Distribute Controlled Substances (Count 2), for a total term of imprisonment of 360 months' imprisonment (Docs. 327, 330). He is currently housed at FCI-Ashland and his projected release date is December 23, 2033. Pending before the Court is Hatfield's motion requesting that the Court amend his presentence investigation report, correct information relied upon by the Bureau of Prisons ("BOP"), and direct the BOP to correct its records (Doc. 506).

Once judgment enters in a criminal case, a district court may not alter the judgment except under a set of narrowly defined circumstances. Hatfield moves pursuant to Federal Rule of Criminal Procedure 36 to correct what he asserts are clerical errors in the presentence investigation report. Rule 36 allows a court to correct "a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. However, the Rule does not provide an avenue for relief from substantive errors. *See United States v. Daddino*, 5 F.3d 262, 264 (7th Cir 1993).

Here, Hatfield contends that, based on his erroneous presentence investigation report, the BOP has classified him as "greatest severity".  He alleges this classification is incorrect because it is premised on the "wrong statute/wrong offense conduct" and "is inconsistent with the actual judgment and statement of reasons entered by the Court."  He claims the error has affected his security and custody level, eligibility for BOP programs, and eligibility for halfway house placement.  The purported errors Hatfield alleges are substantive – not "clerical errors" that can be remedied by this Court under Rule 36.

Moreover, the authority to reclassify Hatfield rests solely with the BOP, and the Court lacks authority to direct the BOP as Hatfield requests.  Hatfield should look to the administrative remedies offered by the BOP for the relief he seeks.  Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  July 23, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**